UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THE UNITED STATES OF AMERICA for the Use of Benefit of GTS DRYWALL SUPPLY CO., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>DICK PACIFIC CONSTRUCTION CO. LTD., a Hawaii corporation; M. KENNEDY CO., INC., a California corporation; DICK PACIFIC/M. KENNEDY, JV, a Joint Venture; CL INTEGRITY CORPORATION, a Washingon corporation; CRAIG A. LONG and AUDREY LONG, husband and wife, and their marital community; GREGG R. CHRISTENSON and ELAINE M. CHRISTENSON, a husband and wife, and their marital community; AMERICAN CASUALTY CO. OF READING, PA, ,<br><br>Defendant. | Case No. 05-5211 FDB<br><br>ORDER DENYING MOTION FOR SUMMARY JUDGMENT FOR DEFENDANT GREGG R. CHRISTENSON AND ELAINE M. CHRISTENSON, HUSBAND AND WIFE, AND THEIR MARITAL COMMUNITY |

This matter is before the Court on the motion of Defendants Gregg R. Christenson and Elaine M. Christenson, husband and wife, and their marital community for an order of summary judgment dismissing Plaintiff GTS Drywall Supply Co.'s claims against them. Plaintiff seeks enforcement of the credit agreement which personally guarantees payment by Defendants.

ORDER - 1

Having considered the motion, balance of the record, and notwithstanding Plaintiff's failure to respond, the Court finds for the reasons set forth herein, that Defendants' motion shall be **DENIED.**

## I.

Summary judgment is appropriate when the pleadings, affidavits, depositions and admissions on file demonstrate that there is no issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56 (c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).  In applying this standard, the court must construe all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party.  See *Matusushita Elec. Indust. Co. v. Zenith Radio Corp.,* 475 U.S. 547 (1986).

## II.

Plaintiff brings this action against Defendants to enforce the credit agreement which personally guarantees payment by Defendants.  On March 3, 1998, under the legal business name of CL Integrity Corporation, Defendants and Mr. Craig A. Long and Mrs. Audrey Long entered into a credit agreement with Plaintiff.

Defendants allege the agreement is outdated and that Defendants have provided Plaintiff with documents proving that they are no longer affiliated with, liable or responsible for CL Integrity Corporation, and have not been associated with CL Integrity Corporation since May 6, 1998. Defendants contend Plaintiff was notified of Defendants release from CL Integrity Corporation at the time of release.  Defendant further maintains that Plaintiff has increased CL Integrity Corporation contractor credit limit multiple times since initial application.

## III.

A party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes

ORDER - 2

demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323.

Defendants have failed to show the absence of a genuine issue. Plaintiff supports its claim that an enforceable contract exists by providing as evidence the actual credit agreement signed by Defendants acknowledging and guaranteeing payment. Whether or not the credit agreement is outdated, and whether or not the Defendants were released from liability are disputed material facts to be determined at trial. Viewing the facts in the light most favorable to the nonmoving party, as this Court is required to do, the motion for summary judgment is denied.

ACCORDINGLY;

IT IS ORDERED:

(1) Motion for summary judgment (dkt. #21) is **DENIED.**

DATED this 16th day of June, 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3