UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THE UNITED STATES OF AMERICA for the Use of Benefit of GTS DRYWALL SUPPLY CO., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>DICK PACIFIC CONSTRUCTION CO. LTD., a Hawaii corporation; M. KENNEDY CO., INC., a California corporation; DICK PACIFIC/M. KENNEDY, JV, a Joint Venture; CL INTEGRITY CORPORATION, a Washingon corporation; CRAIG A. LONG and AUDREY LONG, husband and wife, and their marital community; GREGG R. CHRISTENSON and ELAINE M. CHRISTENSON, a husband and wife, and their marital community; AMERICAN CASUALTY CO. OF READING, PA ,<br><br>Defendant. | Case No. 05-5211 FDB<br><br>ORDER DENYING MOTION FOR SUMMARY JUDGMENT ON BEHALF OF DEFENDANTS DICK PACIFIC CONSTRUCTION CO. LTD., M. KENNEDY CO., INC., DICK PACIFIC/M. KENNEDY JV AND AMERICAN CASUALTY CO. OF READING, PA. |

This matter is before the Court on the motion of defendants Dick Pacific Construction Co. LTD., M. Kennedy Co., Inc., Dick Pacific/M. Kennedy JV and American Casualty Co. of Reading, PA ("bond claim defendants") for an order of summary judgment dismissing Plaintiff GTS Drywall Supply Co.'s claims against them. Plaintiff seeks payment of a bond claim pursuant to the Miller

ORDER - 1

Act, 40 U.S.C. 3133 (b).

Having considered the motion, response and supporting declarations, and the balance of the record, the Court finds for the reasons set forth herein, that Defendants' motion shall be **DENIED.**

I.

Summary judgment is appropriate when the pleadings, affidavits, depositions and admissions on file demonstrate that there is no issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). In applying this standard, the court must construe all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party. See *Matusushita Elec. Indust. Co. v. Zenith Radio Corp.,* 475 U.S. 547 (1986).

II.

Plaintiff brings this action for payment pursuant to the Miller Act, 40 U.S.C. 3133(b). Prime contractor, Dick Pacific/M. Kennedy JV ("Dick Pacific") entered into a subcontract with CL Integrity Corporation to install drywall at the McChord Air Force Base Building #100, Contract No. DACA67-02-C-0216 ("McChord AFB Project"). Between July 15, 2003, and May 27, 2004, CL Integrity purchased drywall and other materials from Plaintiff that were used in the McChord AFB Project. In June 2004, CL Integrity went defunct and failed to pay Plaintiff for $53, 917.51 of materials. Plaintiff provides declarations stating that Dick Pacific agreed to take over payment of CL Integrity's outstanding debts and ongoing payroll on the project. In exchange, CL Integrity agreed to keep its crew on site to complete the project. CL Integrity provided Dick Pacific with a complete list of its outstanding debts and project costs including billing statements and invoices relating to the amounts owed to Plaintiff. By November 2004, many of CL Integrity's bills were past due. Dick Pacific was not paying suppliers and other obligations as agreed, including Plaintiff. Dick Pacific took the position that there was never an agreement with CL Integrity and refused to pay many of the billings. Thereafter, CL Integrity Corporation released the crew and closed the

ORDER - 2

1  corporation.

2  Defendant contends Plaintiff failed to provide timely notice of claim for payment pursuant to
3  40 U.S.C. 3113(b)(2). May 27, 2004 was the last day that Plaintiff furnished any materiels claimed
4  for the project. The notice was not received until August 30, 2004, five days past the Miller Act
5  notice requirement.

6  In response, Plaintiff admits that notice by its lien agents were not received within the 90 day
7  requirement; however, Defendant was given adequate notice prior to the cut-off date. Plaintiff
8  maintains that it, CL Integrity and Dick Pacific had numerous discussions regarding Dick Pacific's
9  promise to pay. Plaintiff provides a declaration from Chris Lovgren, Plaintiff's Corporate Credit
10 Manager, stating on August 11, 2004, Brady Farley (Dick Pacific's Project Manager) called and
11 advised him that a joint check to Plaintiff and CL Integrity in the amount of $53,917.51 would be
12 issued. Mr. Lovgren faxed to Mr. Farley a detailed account statement indicating the amounts
13 purchased by date. Plaintiff also provides a declaration of Craig Long of CL Integrity, stating that he
14 had provided Dick Pacific with copies of Plaintiff's billing statements and invoices.

## III.

16 This Court must determine whether the account statement accompanied by oral
17 communications were enough to sufficiently give notice of the outstanding claim and Plaintiff's
18 demand for the prime contractor's payment.

19 40 U.S.C. 3133(b)(2) reads in pertinent part:

> A person having a direct contractual relationship with a subcontractor but no contractual relationship, express or implied, with the contractor furnishing the payment bond may bring a civil action on the payment bond on giving written notice to the contractor within 90 days from the date on which the person did or performed the last of the labor or furnished or supplied the last of the material for which the claim is made. The action must state with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed. The notice shall be served–

ORDER - 3

    (A) by any means that provides written, third-party verification of delivery to the contractor at any place the contractor maintains an office or conducts business or at the contractor's residence; or
    (B) in any manner in which the United States marshal of the district in which the public improvement is situated by law may served summons.

42 U.S.C.S. 3133(b)(2)

Written notice under the Miller act "must inform the prime contractor, expressly or by implication, that the supplier is looking to the contractor for payment of the subcontractor's bill." *United State of American v. Tuscon Mechanical Contracting Inc.,* 921 F.2d 911, 914 (9th Cir. 1990). Failure to comply with these requirements will bar recovery on the payment bond. A supplier cannot rely on a payment demand sent to the subcontractor, with a copy to the general contractor. *United States of America v. Lloyd E. Tull, Inc.,* 770 F.2d 862 (9th Cir. 1985); *Bowden v. United States ex rel. Malloy,* 239 F.2d 572, 577 (9th Cir. 1956). Nor can he rely on a joint check arrangement as a substitute of notice. *Id.* The general contractor must be able to infer from the communications that he receives from the supplier that he is being asked for payment, and not for the help with pressuring the subcontractor to pay. See, e.g. *United States ex. Rel. Charles R. Joyce and Son, Inc. v. F.A. Baehner, Inc.,* 326 F.2d 556, 559 (2nd Cir. 1964).

Sufficient notices have taken various forms. See *United States ex rel. Kelly-Mohrhusen Co. v. Merle A. Patnode Co.*, 457 F.2d 116 (7th Cir. 1972)(phone call stating the necessary information, followed by a letter confirming the conversation was adequate even though letter did not restate the subcontractor's name); *Liles Construction Co. v. United States ex rel. Stabler Paint Manufacturing Co.,* 415 F.2d 889 (5th Cir. 1969)(two letters read together were sufficient, although only one letter complied with the Act if the letters were read separately).

Defendant Dick Pacific correctly notes that notice, while liberally construed must be given to the prime contractor in strict compliance with the 90 day requirement. Notice provided outside of the statutory time limit will bar suppliers from obtaining recovery on the payment bond.

ORDER - 4

Accordingly, Plaintiff's Notice of Claim Against the Payment Bond dated September 3, 2004, is deemed untimely.  For purposes of this motion, the Court focuses exclusively on the notice given to Dick Pacific before the 90 day cut-off date.

Plaintiff contends Dick Pacific was aware of the outstanding debt and knew that Plaintiff looked to it for payment.  Plaintiff provides evidence that it entered into a direct agreement with Dick Pacific to pay the outstanding debt:

> After CL Integrity's default of its sub-contract with Dick Pacific, CL Integrity began negotiating to have Dick Pacific pay suppliers directly.  I began to communicate with both Craig Long of CL Integrity and Brady Farley (Project Manager) of Dick Pacific to coordinate payment directly from Dick Pacific.  By August of 2004, CL Integrity was no longer involved with the GTS account, and Dick Pacific had agreed to pay GTS directly.  I had numerous previous telephone conversations with Dick Pacific to discuss Dick Pacific's payment of the GTS Drywall account.

Declaration of Chris Lovgren at 2.

Plaintiff also contends that it provided the accounting report to Dick Pacific which detailed each purchase of product used in the McChord AFB project in response to Dick Pacific's phone inquiry and promise to pay.  Defendant responds that the accounts receivable report provided by Plaintiff was not sufficient notice. Defendant contends that it is not enough for a general contractor to know that a supplier is owed money, but that the written notice itself must convey the supplier's intent to claim against the prime contractor.  Defendant urges the Court to reject the argument that a written notice that does not comply with requirements of the Miller Act can be supplemented by oral communications.

The 9th Circuit cases referenced by Defendant do not prohibit the supplementation of oral communications.  Accordingly, this Court does not see any reason to make such restriction in this matter. The Miller Act simply requires the written notice to expressly or impliedly inform the general contractor that the supplier expects him to pay.  The purpose of providing written notice is to establish a firm date after which the general contractor may pay its subcontractors without fear of

ORDER - 5

further liability to the materialmen or supplier of those subcontractors.  When the contractor has actual knowledge of the outstanding debt, is aware that the supplier is looking to him for payment, and thereby makes a promise of payment, the object of the statute, to assure the contractor will have notice, is attained and the statute is sufficiently complied with.  *Houston Fire and Casualty Insurance Co., v. Trance Company,* 217 F.2d 727, 730 (5th Cir. 1954).  In the case at bar, the accounting report falls short of directly expressing to Dick Pacific a demand for payment; however, under the circumstances of which it was given, the purpose for providing the report is implicitly clear that demand for payment was being made.

Assuming the facts in the light most favorable to the nonmoving party, at the time Plaintiff faxed the written report, Dick Pacific had actual knowledge of the outstanding claim.  The parties discussed the amount owed, and Dick Pacific made a promise of payment.   The only reasonable inference for the telephone conversation and the faxing of the financial report was that Plaintiff sought payment of the outstanding claim from Dick Pacific.  See *Coffee v. United States,* 157 F.2d 968, 969 (5th Cir. 1946) (The court determined that both parties "understood that a claim was contemplated on the payment bond" and thus held that the list of invoices constituted sufficient written notice under the Miller Act.); *United States of Consolidated Electrical Distributors Inc., v. Altech,* 929 F.2d 1089, 1092 (5th Cir. 1991) (Indeed, the only reasonable inference from the meeting is that Consolidated was seeking payment from Altech and that the presentation of the unpaid invoices at the meeting was intended to constitute written notice of Consolidated's claim for the amount owed by Williams).

Minimally, whether or not Dick Pacific had actual notice of the outstanding claim is a disputed fact to be determined at trial.  Accordingly, Plaintiff has met its burden to overcome the motion of summary judgment.

ACCORDINGLY;

ORDER - 6

1    IT IS ORDERED:

2    (1) Defendants Dick Pacific Construction Co. LTD., M. Kennedy Co., Inc., Dick Pacific/M. Kennedy JV and American Casualty Co. of Reading, PA ("bond claim defendants") for an order of summary judgment (dkt. # 14) is **DENIED**.

DATED this  26th  day of June, 2005.

*(signature)*

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 7